IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRYAN TYRONE SCOTT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 22-301-RAW-JAR |
| | ) |
| OKLAHOMA COURT OF | ) |
| CRIMINAL APPEALS, | ) |
| | ) |
| Respondent. | ) |

**<u>OPINION AND ORDER</u>**

Petitioner, a pro se state prisoner who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, has filed a petition for a writ of mandamus pursuant to Fed. R. App. P. 21(a). Respondent is the Oklahoma Court of Criminal Appeals ("OCCA"). Petitioner is asking for mandamus relief, because the OCCA allegedly failed to adhere to the Rules of the OCCA. (Dkt. 1 at 1).

The petition is confusing, however, it appears he is challenging the OCCA's decision affirming the state district court's denial of Petitioner's post-conviction application in *Scott v. State*, No. PC-2022-165 (Okla. Crim. App. Sept. 16, 2022). (Dkt. 1 at 6-7). He complains that the OCCA failed to respond to the five arguments in his petition for rehearing of the OCCA's ruling. *Id*. at 2, 10-13. Petitioner cites Rule 10.6(B)(2) of the Rules of the Oklahoma Court of Criminal Appeals, alleging that the OCCA's "refusal to perform a plain legal duty not involving the exercise of discretion," is a violation of his due process rights.[1]

---

[1] The OCCA's Rule 10.6(B) concerns the requirements for a writ of mandamus.

*Id.* at 1.

The Court has carefully reviewed the record and construes Petitioner's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

> 28 U.S.C. § 1361 grants district courts "original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States* or any agency thereof to perform a duty owed to the plaintiff." (emphasis added). Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials. *See Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986).

*Sockey v. Gray*, 159 F. App'x 821, 822 (10th Cir. 2005) (emphasis in original). Because the OCCA is not a federal officer or employee, 28 U.S.C. § 1361 does not apply. Further, to the extent Petitioner is seeking mandamus relief under Fed. R. App. P. 21(a), this federal rule does not concern state appellate courts.

**ACCORDINGLY,** Petitioner's petition for a writ of mandamus [Dkt. 1] is DENIED. This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 6th day of December 2022.

_____
Honorable Ronald A. White
United States District Judge
Eastern District of Oklahoma