IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRIAN TYRONE SCOTT,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 22-301-RAW-JAR |
| ) | |
| **OKLAHOMA COURT OF** ) | |
| **CRIMINAL APPEALS,** ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Petitioner, a pro se state prisoner, was convicted of multiple crimes in Okmulgee County District Court Case No. CF-2000-5044. *See* Oklahoma State Courts Network at https://www.oscn.net (OSCN).[1] On October 24, 2022, he filed in this Court a Petition for Writ of Mandamus pursuant to Fed. R. App. P. 21(a) against the Oklahoma Court of Criminal Appeals (OCCA).[2] (Dkt. 1). He argued that the OCCA should be required to respond to the five arguments in his Petition for Rehearing of the OCCA's denial of his post-conviction appeal in Case No. PC-2022-165. *Id.* at 2-3.

This Court denied Petitioner's petition for a writ of mandamus because "[f]ederal courts are without jurisdiction to grant a writ of mandamus against state and local officials." *Sockey v. Gray*, 159 F. App'x 821, 822 (10th Cir. 2005) (citing *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986)). (Dkt. 5 at 2). Further, to the extent Petitioner sought mandamus relief under Fed. R. App. 21(a), this federal rule does not concern

---

[1] The Court takes judicial notice of the public records of the OSCN. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

[2] Fed. R. App. P. 21(a) concerns writs of mandamus and prohibition, and other extraordinary writs.

state appellate courts. *See id.* Therefore, this Court could not grant Petitioner the relief he was seeking.

Petitioner's mandamus petition was denied by this Court on December 6, 2022, and judgment was entered on December 7, 2022. (Dkts. 5, 6). He also was assessed a "strike," pursuant to 28 U.S.C. § 1915(g). (Dkt. 5 at 2). On December 20, 2022, Petitioner filed a Motion for Reconsideration (Dkt. 7), which the Court construes as a Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e). Petitioner's arguments are confusing and unclear, however, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Petitioner alleged in his mandamus petition that on March 2, 2022, he filed a "Brief in Chief (Direct Appeal)" in OCCA Case No. PC-2022-165. (Dkt. 1 at 5). On September 16, 2022, the OCCA apparently construed the "Brief in Chief" as a post-conviction appeal in Case No. PC-2022-165 and affirmed the denial of post-conviction relief pursuant to *McGirt v. Oklahoma*, __ U.S. __, 140 S.Ct. 2452 (Dkt. 1 at 6-7). Petitioner complains that the OCCA did not rule on the five propositions in his September 28, 2022, Petition for Rehearing. (Dkt. 1 at 9-13).

Petitioner contends in his Rule 59(e) motion before this Court that he "is talking about the Equal Protection Clause of the Fourteenth Amendment. . . . Where you do one thing for one you have to do for all." (Dkt. 7 at 2). This Court interprets his statement as an argument that *McGirt* is not being equally applied to him. Petitioner is asking this Court to remand his Petition for Rehearing in Case No. PC-2022-165 back to the OCCA with instructions for the OCCA to hear the petition. (Dkt. 7 at 2).

A review of the OSCN record indicates that a Petition for Rehearing of the OCCA's post-conviction decision in Case No. PC-2022-165 was not filed in the OCCA. The cover page for

Petitioner's copy of the Petition for Rehearing is stamped "RECEIVED - Sep 28 2022 - CLERK'S OFFICE," but there is no indication that the document actually was filed in the OCCA. (Dkt. 1 at 9). Further, the OSCN has no listing for an OCCA Case No. F-2022-165, the case number shown on Petitioner's Petition for Rehearing. *Id.* at 10. Petitioner has not presented a filed copy of the Petition for Rehearing, and it appears it was not before the OCCA for ruling.

Petitioner also argues in his Rule 59(e) motion that on October 25, 2022, this Court "told him he could do a *mandamus*," as cited in *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). (Dkt. 7 at 1, ¶ 1) (emphasis in original). In support, he has attached a copy of a minute order entered in his habeas corpus case pending before this Court in Case No. 22-277-RAW-DES that cites *Braden* and states that "[t]he only proper respondent is the warden at Petitioner's facility." (Dkt. 7 at 4). This minute order did not instruct Petitioner to file a mandamus action; instead, it advised that the proper respondent in his habeas case was his custodian.

The Tenth Circuit holds that grounds for relief under Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion "is appropriate where the [federal] court has misapprehended the facts, a party's position, or the controlling law." *Id.* It is not, however, an appropriate vehicle to revisit an issue already addressed or to present a new argument that could have been previously raised. *Id*. The Court possesses "considerable discretion" when granting or denying a Rule 59(e) motion. *Brown v. Presbyterian Health Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996).

After careful review, the Court finds that none of Petitioner's allegations concerning his Petition for Rehearing in the OCCA constitutes a cognizable Rule 59(e) claim. He does not allege

3

there is new, previously unavailable evidence. He also fails to demonstrate clear error or show that this Court's denial of his mandamus petition constituted a manifest injustice. In summary, Petitioner's claims fall outside the boundaries of Rule 59(e). Therefore, the Rule 59(e) motion is DENIED.

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] Court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

Petitioner also is contesting this Court's assessment of a "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g) in the Court's December 6, 2022, Opinion and Order. (Dkt. 5 at 2). Because the petition was dismissed for lack of jurisdiction, the Court hereby withdraws its assessment of a "prior occasion" or "strike" in this case.

**ACCORDINGLY**,

1. Petitioner's Motion for Reconsideration (Dkt. 7) is construed as a Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e).

2. Petitioner's motion pursuant to Fed. R. Civ. P. 59(e) (Dkt. 7) concerning the OCCA's failure to rule on his Motion for Reconsideration is DENIED.

3. Petitioner is DENIED a certificate of appealability.

4. The prior assessment of a "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g) is withdrawn.

**IT IS SO ORDERED** this 2nd day of August 2023.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE